IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| J. DAVID MOSES ROZSA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:14 cV 1 |
| ) | GBL/JFA |
| ASSOCIATION OF CLINICAL ) | |
| RESEARCH PROFESSIONALS, INC. ) | |
| ) | |
| Defendant. ) | |

F I L E D
JAN 2 2014
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

### DEFENDANT'S NOTICE OF REMOVAL

COMES NOW Defendant Association of Clinical Research Professionals, Inc. ("ACRP"), by and through its counsel, Constangy, Brooks & Smith, LLP, and files this Notice of Removal pursuant to 28 U.S.C. Sections 1331, 1367, 1441 and 1446. ACRP respectfully shows:

1. Plaintiff filed his Summons and Complaint, Civil Action Number CL13003331, in the Alexandria Circuit Court, Commonwealth of Virginia, on July 1, 2013. ACRP was served with the Summons and Complaint on December 13, 2013. True and correct copies of all process, pleadings, and orders served upon ACRP are attached hereto and are incorporated herein by reference. (*See* Exhibit A.)

2. Pursuant to 28 U.S.C. Section 1446(b), this Notice of Removal is filed within thirty (30) days after ACRP received the Summons and Complaint.

3. In his Complaint, Plaintiff seeks to recover benefits under health and dental plans, as well as alleged severance and paid time off policies. (Compl. ¶¶ 31-47).

2607666.1

4. ACRP's health and dental plans are or are part of an employee welfare benefit plan governed by the Employee Retirement Income Security Act of 1974, as amended ("ERISA"). The health plan is issued by Blue Cross Blue Shield, and the dental plan is issued by Delta Dental.

5. Thus, the controversy between Plaintiff and ACRP involves a federal question over which this Court has original jurisdiction in that Plaintiff's claim arises out of, seeks benefits under, and relates to an employee welfare benefit plan, which is governed exclusively by ERISA.

6. In his Complaint, Plaintiff alleges that ACRP breached an alleged contract between Plaintiff and ACRP. (Compl. ¶¶ 31-47). Specifically, Plaintiff alleges that ACRP had a "duty under the contract or contracts" to provide certain benefits, including health insurance, dental coverage, severance and other pay, and that ACRP failed to provide these alleged benefits. (Compl. ¶¶ 33, 35). Plaintiff seeks to recover these alleged benefits under group health and dental insurance policies, as well as any alleged policies relating to severance and other pay. Plaintiff's claims on their face are governed by ERISA.

7. To the extent Plaintiff attempts to assert state law claims for breach of contract, these claims are completely preempted by ERISA. Plaintiff's remedy, if any, lies exclusively within the civil enforcement scheme of ERISA. *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41 (1987); *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58 (1987).

8. Because Plaintiff's claims are completely preempted by ERISA and are necessarily federal in character, this matter is removable to federal court. *See, e.g., Aetna Health, Inc. v. Davila*, 542 U.S. 200 (2004) (finding ERISA's "expansive pre-emption provisions…are intended to ensure that employee benefit plan regulation would be 'exclusively a federal concern'"); *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58 (1987) (claim related to employee benefit plan is preempted by ERISA and is removable pursuant to Section 1441).

9. Plaintiff's Complaint also contains state law claims for conversion, as well as for damages pursuant to Va. Code § 40.1-28.6. Supplemental jurisdiction exists over these remaining claims in the Complaint (Counts 1, 2 and 4) pursuant to 28 U.S.C. § 1367, because they "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."

10. Therefore, the case set forth above, Civil Action Number CL13003331 filed in the Alexandria Circuit Court, Commonwealth of Virginia, could originally have been brought before this Court pursuant to 28 U.S.C. Section 1331 and may be removed by ACRP pursuant to 28 U.S.C. Section 1441.

11. A Notice of Filing Notice of Removal is being filed contemporaneously with the Clerk of the Alexandria Circuit Court.

12. Defendant will also promptly give Plaintiff written notice of the filing of this Notice of Removal.

WHEREFORE, ACRP prays that the above action now pending against it in the Alexandria Circuit Court, Commonwealth of Virginia, be removed to this Court.

Dated this the 2nd day of January 2014.

Respectfully submitted,

_____
Jena S. Cottreau (VSB No. 81715)
Constangy, Brooks & Smith, LLP
12500 Fair Lakes Circle
Suite 300
Fairfax, Virginia 22033
Telephone: (571) 522-6100
Facsimile: (571) 522-6101
Email Address: jcottreau@constangy.com

**ATTORNEY FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing **NOTICE OF REMOVAL** has been served upon the following persons by the Court's Electronic Filing Notification System and by United States mail, properly addressed, and with the correct amount of postage affixed thereto:

>Charles Jay Soschin, Esquire
>Kawel, PLLC
>400 7th Street, NW
>Suite 400
>Washington, DC 20004
>
>Andrew Paul Kawel, Esquire
>Kawel, PLLC
>1110 Brickell Avenue
>Suite 600 C
>Miami, FL 33131
>
>Setareh Deljo-Roland, Esquire
>7001 Loisdale Road, Suite C
>Springfield, Virginia 22150

This 2nd day of January, 2014.

>_____
>Jena S. Cottreau (VSB No. 81715)
>Constangy, Brooks & Smith, LLP
>12500 Fair Lakes Circle
>Suite 300
>Fairfax, Virginia 22033
>Telephone: (571) 522-6100
>Facsimile: (571) 522-6101
>Email Address: jcottreau@constangy.com
>
>**ATTORNEY FOR DEFENDANT**

2607666.1